FRANK DE GEETER, GEORGE WASHINGTON MEMORIAL PARK CEMETERY ASSOCIATION, HENRY SCHLOMANN et al., complainants-respondents,

*v.*

FRED WOLKLIN et al., defendants-appellants.

[Submitted February term, 1945.  Decided May 10th, 1945.]

*Messrs. Breslin & Breslin (Mr. John J. Breslin, Jr.,* of counsel), for the respondent De Geeter.

*Messrs. Major & Carlsen (Mr. James A. Major,* of counsel), for the respondent George Washington Memorial Park Cemetery Association.

*Messrs. Milton, McNulty & Augelli (Mr. Anthony T. Augelli,* of counsel), for the respondents Schlomann et al., Committee of Cemetery Lot Owners.

*Messrs. Heine & Heine (Mr. Norman Heine,* of counsel), for the appellants.

The opinion of the court was delivered by

PORTER, J.

This is an appeal from an order entered in the Court of Chancery advised by Vice-Chancellor Egan in denying a motion to dismiss the bill of complaint. Frank De Geeter is the original complainant; he is president and trustee of the George Washington Memorial Park Cemetery Association. Prior to the argument on the motion to dismiss, the Cemetery Association and a group of lot owners, designated as Lot Owners Protective Committee, were allowed to intervene as co-complainants. They filed an amended bill and participated in the argument on the motion.

It appears that Frank De Geeter and Charles S. Van Auken are members of the board of trustees of the Cemetery Association. The board consists of seven persons who, under the by-laws, are required to be lot owners. The terms of these two trustees have expired, and it is alleged that no successors have been chosen to take their offices, so they have continued to hold over. A meeting of lot owners was called for December 15th, 1944, for the election of officers. De Geeter, who as president presided, declared that as no quorum was present the meeting was adjourned. One George E. Meagher accompanied by two attorneys appeared at the meeting and stated that they had proxies and desired to participate. None of them were lot owners. They were asked by De Geeter to produce their proxies, but they refused to do so. Notwithstanding the adjournment of the meeting, this group of three proceeded to hold a meeting and allegedly elected Fred Wolklin and Walter Bass as trustees. Since then, these men have attempted to function as trustees, to oust De Geeter and Van Auken from their offices and to interfere with the management of the Cemetery Association. The complainants allege that neither Wolklin nor Bass is either a *de facto* or a *de jure* officer, and that neither has any colorable title thereto. They further allege that the attempted election was void and in violation of the by-laws of the corporation which require that a quorum shall consist of a majority of the lot owners, and that a quorum was not present either in person or by proxy.

They also claim that the purported election was in violation of the Cemetery Statute *R. S. 8:1–10,* because the vote was by voice instead of by ballot.

The appellants take the view that the bill of complaint discloses no cause of action, that complainants have an adequate remedy at law by proceedings in the nature of *quo warranto* which, moreover, they argue, is their sole remedy.

The learned Vice-Chancellor concluded that the allegations of the bill presented a proper case for injunctive relief and retained the bill for final hearing. We are in accord with that determination. A cemetery corporation is a charitable trust and as such is under "the peculiar control of the Court of Chancery, which has the special jurisdiction of supervising and administering trusts of all kinds." This court so held in *Atlas Fence Co.* v. *West Ridgelawn Cemetery, 110 N. J. Eq. 580.* Also compare *Lazarus* v. *Home Building and Loan Association, 133 N. J. Eq. 367; 14 Corp. Jur. Secundum 508.*

These defendants are charged with attempting to act as trustees without being such, either *de jure* or *de facto.* Their intrusion into the affairs and management of the Association might well interfere with and disrupt the functioning of the trust. Title to office is not the sole issue but is only incidental. Equity may determine the legality of the election and who is entitled to hold office where such questions arise incidentally to the determination of the primary issue, which is to protect and enforce the execution of this trust. *Johnston* v. *Jones, 23 N. J. Eq. 216.*

The complainants are without . adequate remedy at law. *Quo warranto* proceedings would not avail De Geeter and Van Auken because they are in possession of the office of trustee, and the object of *quo warranto* is to have one in possession adjudged guilty of usurpation. *Haines* v. *Freeholders of Camden County, 47 N. J. Law 464; O'Connell* v. *Bayonne, 116 N. J. Law 61.*

The order under review will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, BODINE, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, DILL, JJ. 9.

*For reversal*—CASE, DONGES, HEHER, FREUND, JJ. 4.